UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

PAUL N. ARLEDGE and
MARILYN ARLEDGE, his wife
Plaintiffs,

vs.

Case #:
Division:

UNITED STATES OF AMERICA,
Defendant.
/

3:13-cv-1268-J-20JRK

FILED 2013 OCT 21

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, PAUL N. ARLEDGE and MARILYN ARLEDGE, his wife, by and through the undersigned attorneys, and sues the Defendant, UNITED STATES OF AMERICA, and alleges as follows:

JURISDICTION AND VENUE

1. This civil action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), et seq.

2. On January 23, 2013, Plaintiffs submitted administrative claims for the claims set forth herein to the United States Department of Veteran Affairs. See attached Government Standard Form 95 as Exhibit "A".

3. The United States Department of Veteran Affairs denied the claims on May 16, 2013. See attached Letter of Denial of Administrative Tort Claim as Exhibit "B".

4. That all conditions precedent to a Federal Tort Claims Act have been met, or the same have been waived by the Defendant.

5. Venue is proper in the Middle District of Florida under 28 U.S.C. 1402(b) as the Plaintiffs are residents of St. Johns County, Florida and the complained of events occurred in Putnam County, Florida. Both counties are located within the Middle District of Florida.

## PARTIES

6. At all times material to this action, Plaintiffs, PAUL N. ARLEDGE and MARILYN ARLEDGE, were citizens of the United States and resided at 411 Water Oak Street, St. Augustine, St. Johns County, FL 32086 within the jurisdiction of this court.

7. At all times material to this action, the Department of Veterans Affairs was an agency of the Defendant, UNITED STATES OF AMERICA and thus the UNITED STATES OF AMERICA is an appropriate Defendant under the Federal Tort Claims Act.

8. At all times material hereto, John Edward LaLonde was an agent, apparent agent, employee and/or servant of the Department of Veterans Affairs, an agency of the Defendant, UNITED STATES OF AMERICA.

9. At all times material hereto, the UNITED STATES OF AMERICA, by and through the Department of Veterans Affairs, was the registered owner of a 2007 FORD E-350 Van with Vehicle Identification Number 1FBNE31L57DA89444.

10. At all times material hereto, John Edward LaLonde was operating the aforementioned vehicle in the course and scope of his agency, apparent agency, employment and/or servitude on behalf of the Department of Veterans Affairs, an agency of the Defendant, UNITED STATES OF AMERICA.

## FACTS

11. On or about February 21, 2012, John E. LaLonde (hereinafter "LaLonde") operated the aforesaid vehicle with the full permission and consent of the Department of Veterans Affairs, an agency of the Defendant, UNITED STATES OF AMERICA, on State Road 100 in Putnam County, Florida.

12. At the aforesaid time and place, LaLonde was traveling east on two-lane State

Road 100 in Putnam County, Florida, transporting PAUL N. ARLEDGE, who was a seat-belted, rear seat passenger, and other veterans from the Veterans Administration Hospital in Gainesville, Florida to St. Augustine Florida.

13. That at said time LaLonde owed a duty to the Plaintiff to operate said van in a reasonably safe manner.

14. That at said time and place, LaLonde breached said duty of care by driving the van at a high rate of speed and attempting a negligent and unreasonable passing maneuver which caused the van to collide with another vehicle and slam into a tree on the side of the road.

15. At the aforesaid time and place, Defendant, UNITED STATES OF AMERICA, was legally responsible for the negligent operation of the motor vehicle driven by LaLonde.

COUNT I- PAUL ARLEDGE V. UNITED STATES OF AMERICA

16. Plaintiff, PAUL N. ARLEDGE, adopts by reference each and every allegation set forth in paragraphs one (1) through fifteen (15) hereinabove.

17. As a direct and proximate result of the foregoing, Plaintiff, PAUL N. ARLEDGE, sustained bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical care and treatment, and expenses for and related to medical care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and Plaintiff will suffer such losses in the future.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAUL N. ARLEDGE sues the UNITED STATES OF AMERICA for the sum of $5,000,000.00 and any and all other damages allowable by law, plus costs and post judgment interest.

COUNT II – MARILYN ARLEDGE, the wife of PAUL N. ARLEDGE V. UNITED STATES OF AMERICA

18. Plaintiff, MARILYN ARLEDGE, the wife of PAUL N. ARLEDGE, the injured spouse, adopts by reference each and every allegation as set forth in paragraphs one (1) through fifteen (15) hereinabove.

19. Plaintiff, MARILYN ARLEDGE, alleges that as a result of the injuries sustained by Plaintiff, PAUL N. ARLEDGE, she has been required to expend and obligate herself to spend various sums of money for the medical treatment of her spouse and will be required to continue to incur medical expenses in the future treatment of his spouse and has further been deprived of his consortium, society, companionship, assistance and services as a result of her spouse's injuries and is entitled to damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARILYN ARLEDGE, demands judgment against the UNITED STATES OF AMERICA in the sum of $300,000.00 and any and all other damages allowable by law, plus costs and post judgment interest.

SCHACKOW & MERCADANTE, P.A.
4545 NW 8th Avenue
Gainesville, FL 32605
PH: 352-371-3000
FX: 352-335-2272
brian@lawschack.com
lynn@lawschack.com

BY:______________________
Lynn M. Schackow
Fla. Bar #: 0973785

BY:______________________
Brian G. Schackow
Fla. Bar #: 0622877